**FAELCHLE, Estate of In Re.**

Probate Court, Franklin County.

No. 95355. Decided September 1, 1942.

Horace A. Kerr, Columbus, for Ray Hauntz, Executor and Harry Faelchle. Est. of Christena Faelchle.

Dale Rapp, Columbus, for Charles L. Eesley, Executor. Est. Christ (Christian) Faelchle.

## OPINION

By McCLELLAND, J.

This matter comes before the Court upon the application of Charles L. Eesley, the Executor of the will of Christ (Christian) Faelchle, in Case No. 100762, in which application he seeks an order from this Court requiring the Executor of the Will of Christena Faelchle, to pay to him the statutory exemption allegedly due the decedent by virtue of the provisions of §10509-54 GC. The application recites that Christena Faelchle died November 2, 1941, leaving an estate which was appraised at $10,708.91, and leaving surviving her a spouse Christian Faelchle; who died on July 11, 1942. The application further recites that the appraisers of the Estate of Christena Faelchle failed to include and set off to Christian Faelchle, surviving spouse, the statutory exemption as provided by §10509-54 GC, and further says that he as the Executor of the will of the surviving spouse is entitled to the exemption in the sum of $2141.78.

Upon a hearing of this matter the Court finds the allegations of the petition hereinbefore set forth to be allegations of fact. It was further disclosed from the testimony that

Christian Faelchle was at all times after the death of his wife and until his death of full age, and sound mind. It is also found that he had never made a demand for any of the personal property as provided for in §10509-54 GC, nor did he make a demand for such statutory exemption. It is also found that Christian Faelchle, the surviving spouse, never made an election as to whether he would take under the will or under the statutes of descent and distribution. Under the circumstances, he is presumed to have elected to take under the will, and the Court so holds.

Upon an examination of the will we find that Christian Faelchle was devised a life interest in one-third of the entire estate of his deceased consort. No mention was made of the statutory exemption. That being the case, Christian Faelchle was not barred of his right to receive the portion of the estate known as the exemption as provided by §10509-54 GC.

Counsel for the executor of the will of Christena Faelchle takes the position that inasmuch as the surviving husband did not make a demand for the exemption he has waived same, and that the right to demand the exemption does not pass to his personal representative. It is also the contention of counsel that under the wording of the exemption statute a sum of money less than twenty percent may be set off by the appraisers of the estate. This contention now requires a careful examination of §10509-54 GC. The statute reads as follows:

"When a person dies leaving a surviving spouse, * * * the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, and must be included in the inventory of the estate: (here follows a list of the property which may be selected) to be selected by such surviving spouse, or if there be no surviving spouse then by the guardian or next friend of such minor child or children, not exceeding in value twenty percent of the appraised value of the propertly, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse".

It is the opinion of this Court that the words "following property specifically refers to the chattel property recited therein." It is also the opinion of this Court that the words "not exceeding in value twenty percent of the appraised value

of the property" is a limitation upon the amount of chattel property which may be selected by the surviving spouse. The statute also contains the following language:

"or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate".

The statute specifically prescribes who should make the selection of the chattel property. It is quite obvious that this provision is strictly a personal provision as far as the surviving spouse is concerned and for his particular benefit. Should there be no surviving spouse, then the selection may be made by the guardian or next friend of the minor children. Inasmuch as it is our opinion that this is a personal privilege and for the personal benefit of the surviving spouse and the minor children, if any, the right of selection does not pass to the personal representative of either.

Further considering the above mentioned statute it is our opinion that only the personal chattels so selected do not become a part of the estate of the deceased, but belong to the surviving spouse immediately upon his selection of same, and his title therefor relates back to the date of the death of the decedent.

We now come to consider that portion of the exemption payable in money, which arises by reason of the inadequacy of the value of the property selected, or, its value being less than the exemption, or the failure of the surviving spouse to make such selection.

This Court has held in the case of **McDonald v. McDonald** reported in **5 O. O. at page 32,** that the exemption of the surviving spouse payable in money, or that portion payable in money, is a debt against the estate of the deceased, is a charge against same, and as such, a debt which alone would authorize the bringing of a suit to sell real estate for the payment of same. The statute specifically makes this portion of the exemption a charge against the entire estate of the deceased, and directs that it shall be paid in preference to all unsecured claims against the estate.

Our attention has been directed to the decision of the Court in the **Estate of Shive,** reported in **65 Oh Ap page 167.** In that case there was an allegation of fraud. The matter of fraud was considered only with reference to the right to reopen the estate after the statutory time had elapsed. The existence of fraud in that case had no bearing whatsoever upon the court's consideration of the right of exemption under the statute. At page 168 of the opinion, the Court uses the following language:

"In Ohio, the right of exemption of the surviving spouse is clearly fixed by §10509-54 GC, which makes the amount of the exemption a charge upon the decedent's real estate where there is insufficient personal property against which to set off the exemption, and provides that the property included within the provision 'shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate'."

At page 169 the Court uses the following language:

"The courts of Ohio seem to hold uniformly that this property is not part of the estate but belongs to the surviving spouse by virtue of the marriage relation, and that a fiduciary is not entitled to compensation on the property included in the exemption."

With particular reference to the facts in that case, the Court uses this language:

"We believe that the title to the property to the amount of the exemption vested in Ada Belle Shive immediately upon the death of Simon A. Shive, and consequently upon her death was part of her estate. It follows therefore that the estate of Ada Belle Shive is clearly entitled to 20 per cent of the estate of Simon A. Shive subject however, to the limitations as to the amount set forth in §10509-54 GC, as found by the Probate Court and affirmed by the Court of Common Pleas, the judgment of which should be and hereby is affirmed in this respect."

We are not entirely clear as to the meaning of the Court in the above quoted language. As we have heretofore stated the chattel property, if and when selected, does become the property of the surviving spouse or minor children, and is not a part of the estate of the deceased, because the title

relates back to the date of death. We cannot make such a finding as to the portion of the exemption payable in money. That is a charge against the estate and becomes a debt against the estate, and so remains until it is paid. If it is a debt against the estate, the relation between the estate and the surviving spouse in that particular is that of a debtor and creditor, a secured creditor however.

It is quite obvious upon a careful examination of the provisions of §10509-54 GC, that the right to an exemption grows out of the marriage relation. That being the case, it is the duty of the fiduciary to see that this exemption is set off.

With reference to such portion of the exemption which is payable in money, the statute reads that the surviving spouse, guardian or next friend "shall receive such sum of money."

It therefore appears that it is the duty of the fiduciary in the absence of a selection of chattel property by the surviving spouse, to set off the exemption to the surviving spouse. In case the surviving spouse does select at its appraised value, then it is the duty of the fiduciary to set off the difference between the amount so selected and the amount of the exemption. This portion of the exemption being a secured claim against the estate, and a claim which grows out of the marriage relation, is such a claim as passes to the personal representative of the surviving spouse. Having arrived at that conclusion, and applying that to the case at bar, we must hold that the Executor of the will of Christian Faelchle is entitled to the sum of $2141.78, being twenty percent of the gross value of the Estate of Christena Faelchle, deceased.